UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AARON MARTIN MERCADO-GRACIA,

    Petitioner,

v.                                                         No. 23cv219 JCH/GJF
                                                             No. 16cr1701 JCH/GJF

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Aaron Martin Mercado-Gracia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition"). CV ECF 1 ("Pet.").[1] The United States responded, CV ECF 11, and Petitioner replied. CV ECF 12. Having reviewed the briefing and the record, and otherwise being fully advised, the Court **RECOMMENDS** that the Petition be **DENIED** and a certificate of appealability be **DENIED** for the reasons that follow.[2]

**I.    BACKGROUND**

In its opinion resolving the direct appeal of this case, the Tenth Circuit summarized the relevant facts. *United States v. Mercado-Gracia*, 989 F.3d 829, 832-35 (10th Cir. 2021). That summary is further condensed here. At noon on a spring day just west of Albuquerque, State Police Officer Ronald Wood pulled Petitioner over for speeding on Interstate 40. *Id.* During the

---

[1] All citations with CV refer to the civil case 23cv219 JCH/GJF, and all citations with CR refer to the criminal case 16cr1701 JCH/GJF.

[2] Before issuing this PFRD, the Court considered whether an evidentiary hearing was necessary, as instructed by Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the outcome of this Motion turns on matters of law and its recommended disposition requires no further factual development, the Court concluded that no evidentiary hearing was necessary. The Court also denies Petitioner's Motion to Appoint Counsel, CV ECF 9, because the Court considers a hearing unnecessary and concludes that the issues in the Petition are straightforward and ultimately without merit. *See* Rule 8(c), R. Gov. § 2255 Proceedings; *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991).

encounter, the officer asked Petitioner what brought him from Phoenix to Albuquerque. Petitioner responded by nervously changing his story multiple times: first he said he was there for work, then to just drive around, then to see a woman. Petitioner was also driving a car owned by someone else and insured by a third person. Because Petitioner told the officer a changing story while nervously fidgeting, the officer ended the speeding ticket interaction with a now familiar investigative technique: the officer told Petitioner he was free to go, but before Petitioner drove away, the officer stepped back towards the vehicle saying, "[e]xcuse me . . . . Is it okay if I ask you some [more] questions?" *Id.*

Petitioner did not object to the additional questioning and his story deteriorated further, revealing that he had a partner in Phoenix, did not know where he was meeting the other woman in Albuquerque, and did not know where he was staying in Albuquerque. At the end of the additional questions, the officer said, "I'll be straight up with you. Right now I have some concerns . . . [a]nd . . . I'm going to deploy my canine on the vehicle . . . ." The canine alerted and the officer's subsequent search of the vehicle yielded a firearm and more than two kilograms of heroin. *Id.*

Based on this evidence, the United States charged Petitioner with: (1) possessing one kilogram or more of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) conspiring to possess with intent to distribute more than one kilogram of heroin, *see id*. § 846; and (3) using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). After the district court denied Petitioner's suppression motion, the case proceeded to trial. The jury convicted Petitioner of all three charges and the district court sentenced him to 180 months in prison. That sentence represented a mandatory minimum ten years for the distribution and conspiracy convictions, *see* 21 U.S.C. §§ 841(b)(1)(A)(i), 846, to run

concurrently, and a mandatory minimum five-year sentence on the firearm charge, to run consecutively to the drug trafficking sentences. *See* 18 U.S.C. § 924(c)(1)(A)(i).

The Tenth Circuit affirmed Petitioner's conviction and sentence and the Supreme Court denied certiorari. *Mercado-Gracia*, 989 F.3d at 832, *cert. denied,* 142 S. Ct. 1374 (2022). On March 14, 2023, Defendant filed the instant Petition under 28 U.S.C. § 2255, asserting ineffective assistance of counsel.

## II.     SUMMARY OF ARGUMENTS

To begin, Petitioner alleges that the government failed to prove an essential element of the firearm charge against him. Pet at 5. Petitioner contends that, because the superseding indictment charged him with Using *and* Carrying a Firearm During and in Relation to a Drug Trafficking Crime, the jury needed to find him guilty of *both* carrying and using the gun. He points out, however, that the jury convicted him only of *carrying* a firearm during and in relation to his drug trafficking crime. CR ECFs 225, 227. Petitioner therefore asks the Court to dismiss the firearm charge as unproven as a matter of established federal law. Pet at 5-7. Liberally construing his Petition, the Court considers Petitioner to be arguing that his counsel was ineffective for failing to assert that the jury needed to find *both* that he carried *and* used a firearm during and in relation to his drug trafficking crime.

The government responds that "it is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." CV ECF 11 at 8 (citing *United States v. Powell,* 226 F.3d 1181, 1192 (10th Cir. 2000) (internal quotations omitted)). Thus, the government insists there was no legal error in indicting Petitioner for carrying and using a firearm but only asking the jury to find whether Petitioner carried the firearm during and in relation to his underlying drug trafficking crime. *Id.*

3

In reply, Petitioner agrees with the government, now conceding that no legal error occurred when the grand jury indicted him for carrying *and* using a firearm but the government elected only to prove that he carried a firearm during and in relation to the drug trafficking crime. CV ECF 12 at 2. But Petitioner then attempts to change horses midstream, abandoning his original ineffective assistance argument and asserting *for the first time* that his counsel was ineffective because she failed during plea discussions to correctly advise him of controlling law. *Id.* Petitioner belatedly contends that – if his counsel had advised him that the government only needed to prove that he carried the firearm – he would have accepted the government's offer and received a shorter sentence. *Id.* at 3.

### III.    LEGAL STANDARDS

#### A.    28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct [his] sentence," when, *inter alia*, "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To state a cognizable claim for relief under § 2255, a petitioner must allege that the "error constituted a fundamental defect which inherently result[ed] in a complete miscarriage of justice." *United States v. Addonizio, 442 U.S. 178, 185 (1979), superseded by statute on other grounds as stated in U.S. v. Akinsade,* 686 F.3d 248 (4th Cir. 2012) (internal quotation marks and citation omitted). A court must presume "that the proceedings leading to the conviction were correct." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). Because Petitioner is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) ("It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'"). To succeed under *Strickland*, a petitioner must show both that his "counsel's representation fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687–88. Courts "may address the performance and prejudice components in any order, but need not address both if [the petitioner] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998) (citation omitted).

To establish the first prong, a petitioner must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). This requires the petitioner to establish that the "attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

To satisfy the second prong, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a jury verdict, the prejudice that a habeas petitioner must establish is that—but for counsel's unreasonable conduct—there is a reasonable possibility that the jury would have had reasonable doubt as to the conviction. *See Weaver v.*

5

*Massachusetts*, 582 U.S. 286, 303 (2017). To show prejudice in the context of pleas, however, a defendant must show a reasonable probability he would have made a different plea decision. *United States v. Kearn*, 90 F.4th 1301, 1306 (10th Cir. 2024). The prejudice inquiry is largely objective; the mere allegation the petitioner would have made a different plea decision is insufficient without contemporaneous evidence supporting the assertion. *Id.*

### C.  Waiver of Arguments First Raised in Reply

An argument raised for the first time in a reply is waived. *Pinder v. Crowther*, 803 F. App'x 165, 176 (10th Cir. 2020) ("It was [petitioner's] obligation to" raise his habeas argument "in his § 2254 petition . . . . Waiting until his § 2254 reply was too late."); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Courts apply this rule because waiting to raise new arguments in reply "robs the [respondent] of the opportunity to demonstrate that the record does not support a[ petitioner's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing an erroneous opinion because [it] did not have the benefit of the . . . response." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (citation omitted).

This waiver rule also applies to pro se habeas petitioners. *United States v. Carpenter*, 24 F. App'x 899, 906 n.5 (10th Cir. 2001) (unpublished) (holding that where an argument was first asserted in a reply brief, "it is waived, notwithstanding the fact [it is filed by] a pro se petitioner.") (citations omitted); *United States v. Moya-Breton*, 439 F. App'x 711, 715 (10th Cir. 2011) (similarly stating that a reply brief "is not a proper vehicle to raise a new issue.").

### IV.   ANALYSIS

As to the original argument that Petitioner made in his Petition, all parties and this Court now agree that there was no legal error when the prosecution indicted Petitioner for using *and* carrying a firearm but only submitted to the jury the question of whether Petitioner carried a

firearm in relation to the drug trafficking crime. CV ECF 11 at 8-12; CV ECF 12 at 2-3. As the Tenth Circuit has reasoned, "it is 'hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." *Powell*, 226 F.3d at 1192. And a conviction pursuant to 18 U.S.C. § 924(c)(1) requires the government to prove the defendant used *or* carried a firearm during and in relation to a drug trafficking crime, but it need not prove both. *United States v. Nicholson*, 983 F.2d 983, 990 (10th Cir. 1993). Thus, there was no legal error when the government indicted Petitioner in the conjunctive but chose to prove in the disjunctive that he only carried the firearm.

Because there was no legal error, Petitioner's lawyer could not have been constitutionally ineffective for failing to raise a losing argument. Nor was there any prejudice because the trial judge doubtless would have rejected this argument even if counsel had raised it. Accordingly, the only claim for ineffective assistance that Petitioner actually raised in the Petition fails.

As for Petitioner's attempt to pivot away from criticizing his counsel's performance at trial to attacking her advice during plea discussions, the Court recommends that his new argument be considered waived. Waiting until one's reply brief to raise a new argument that had long been available "robs the [government] of the opportunity to" respond and puts this Court at risk of "publishing an erroneous opinion because we did not have the benefit of the . . . response." *Stump*, 211 F.3d at 533. Because Petitioner waited until his Reply to assert this new argument that his counsel mis-advised him during plea discussions, he has waived it. *Carpenter*, 24 F. App'x at 906 (holding that an argument first asserted in a reply brief, "is waived, notwithstanding the fact [it is] asserted by] a pro se petitioner.").

V. **CONCLUSION**

For the foregoing reasons, the Court recommends that the Petition be **DENIED** and this case **DISMISSED WITH PREJUDICE.** The Court further recommends, pursuant to Rule 11(a)

of the Rules Governing Section 2255 cases, that a certificate of appealability be **DENIED**.

    **SO RECOMMENDED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**